```
                    IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF KANSAS


ROBERT J. ANDERSON,
                              Plaintiff,

          v.                                    CASE NO. 08-3154-SAC

DAVID RIGGIN, et al.,
                              Defendants.


ROBERT J. ANDERSON,
                              Plaintiff,

          v.                                    CASE NO. 08-3167-SAC

J. MARCUS, et al.,
                              Defendants.
```

## O R D E R

Plaintiff proceeds pro se on two complaints consolidated by the court. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). under 42 U.S.C. § 1983 by prisoner while incarcerated in the Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas.

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

28 U.S.C. § 1915A(a) and (b). Having reviewed plaintiff's allegations regarding his confinement at the Hutchinson Correctional Facility (HCF), the court finds the consolidated complaint is subject to being summarily dismissed.

Plaintiff alleges three HCF officials subjected him to cruel and unusual punishment by their deliberate indifference to plaintiff's personal safety. Plaintiff states he gave confidential information to Lt. Marcus regarding a capital murder case in which three HCF prisoners were charged seven months later. Notwithstanding assertions by HCF staff that the information provided by plaintiff was "useless" and confidential, plaintiff states that some three weeks after a news broadcast aired about these criminal charges he was confronted and threatened by one of the charged HCF inmates. Plaintiff states HCF officers Marcus and Honeycutt, and HCF Warden Cline, ignored plaintiff's requests for an immediate transfer to another correctional facility, and failed to protect plaintiff's safety by keeping plaintiff's identity and information confidential. Plaintiff acknowledges he was placed in protective custody, but complains he lost privileges by not being able to remain in general population. On these allegations plaintiff seeks damages for emotional distress.

To allege a valid claim under 42 U.S.C. § 1983, a plaintiff must assert the denial of a right, privilege or immunity secured by federal law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Haines v. Kerner*, 404

U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008)(stating and applying *Twombly* standard for dismissing a complaint as stating no claim for relief).

The court first notes that plaintiff alleges no prior physical injury in support of his claim for damages for emotional distress. *See* 42 U.S.C. § 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). This bars plaintiff's claim for compensatory damages for his alleged pain and suffering. While nominal and punitive damages would remain available if a cognizable claim were presented, *Searles v. Van Bebber*, 251 F.3d 869, 876, 878-79 (10th Cir.2001), plaintiff's allegations fail to present any such claim in this case.

A prison official violates the Eighth Amendment when he is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A prison official who "knows of and disregards an excessive risk to inmate health or safety" is deliberately indifferent for purposes of an Eighth

3

Amendment claim. *Id*. at 837. To establish a cognizable Eighth Amendment claim for failure to protect, a plaintiff must objectively show "that he is incarcerated under conditions posing a substantial risk of serious harm," and also must subjectively show the prison official was deliberately indifferent to his safety. *Id*. at 834. Allegations of a prison officer's deliberate disclosure of dangerous information about an inmate's status can be sufficient to state a claim under the Eighth Amendment "provided the alleged danger is facially concrete and plausible enough to satisfy basic pleading standards." *Brown v. Narvais* 265 Fed.Appx. 734, 736, 2008 WL 442398, *2 (10th Cir.2008)(unpublished)(citations omitted).

In the present case, plaintiff alleges only that he was anxious for his physical safety, for which he requested help and was granted protective custody. Even if the court assumes as true plaintiff's claim that his personal safety was compromised by disclosure of his involvement in identifying prisoners a prosecutor later charged with criminal offenses, there is no factual basis for plausibly finding that any defendant acted with deliberate disregard to plaintiff's safety. Nor is there any claim of constitutional significance to plaintiff's complaint that he should have been transferred to general population in another facility rather than being placed in protective custody which resulted in the loss of some privileges. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)(prisoner has no constitutional right to be incarcerated in any particular facility); *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) ("the transfer of an inmate to less amenable and more restrictive quarters for

4

nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence").

**Notice and Show Cause Order to Plaintiff**

For these reasons, the court directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii). The failure to file a timely response may result in the complaint being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis in this consolidated action, with payment of the remainder of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the consolidated complaint should not be dismissed as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Centralized Inmate Banking office for the Kansas Department of Corrections.

**IT IS SO ORDERED.**

DATED: This 28th day of June 2011 at Topeka, Kansas.

                                          s/ Sam A. Crow
                                          SAM A. CROW
                                          U.S. Senior District Judge